## MISSOURI PACIFIC R. CO. v. JOHNSON.

No. 14351—Opinion Filed Dec. 18, 1923.

Rehearing Denied Jan. 22, 1924.

(Syllabus.)

1. Railroads—Killing Stock on Track—Liability—Instruction.

In an action against a railway company to recover for a steer killed by its train at a place where the herd law has been suspended, the trial court properly instructed the jury that it was the duty of those operating its trains to keep a lookout to discover stock that might be on its track or in dangerous proximity thereto.

2. Same—Evidence—Submission of Issues.

A steer belonging to the plaintiff was found dead near the defendant's railway track, shortly after a passenger train passed, by a person who saw the steer near the track a short time before. The surface of the ground where the steer had been standing on the track was torn up. The track was straight in the direction from which the train came for a distance of 100 or 150 yards, but there was a sharp curve at this point. Held, that the court did not err in submitting to the jury, under proper instructions, the question of whether or not the animal was killed by the train of the defendant railway company, and if so, whether or not the company was guilty of any negligence.

3. Same—Judgment for Damages—Affirmance.

Record examined, and held, the evidence reasonably supports the verdict of the jury.

Error from District Court, Sequoyah County; A. C. Brewster, Judge.

Action by J. M. Johnson against the Missouri Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Thomas B. Pryor and W. L. Curtis, for plaintiff in error.

W. A. Carlile and W. B. Wall, for defendant in error.

MASON, J. This is an action for damages brought by defendant in error, plaintiff below, against the plaintiff in error, defendant below, for the negligent killing of a two-year-old steer belonging to plaintiff by one of defendant's trains on or about the 3d day of July, 1920. The verdict and judgment of the trial court were in favor of the plaintiff.

Several alleged errors are presented for reversal of the cause, which may be grouped as follows: (1) That the evidence is not sufficient to support the verdict. (2) The refusal of the court to give certain instructions requested by the defendant. (3) The giving of certain instructions over the objection of the defendant. (4) The admission in evidence of a resolution of the board of county commissioners of Sequoyah county suspending the herd law in said county at the place where the animal in question was struck and killed by the defendant's passenger train. For convenience, these assignments of error will be discussed in the inverse order.

With reference to the fourth assignment, the record discloses that the plaintiff offered said resolution of the board of county commissioners of Sequoyah county in evidence, and that the same was admitted over the objection of the defendant. It further appears that counsel for defendant then made the following admission: "To save them, we will admit that the town of McKey is in open range and cattle are permitted to run at large."

Counsel for plaintiff in error in their brief contend that it was their intention to admit

that there was such a resolution without having the same read. The record, however, does not support such contention, and we must conclude that any error in admitting such resolution was cured by said admission.

The second and third assignments of error are based upon the refusal of the trial court to give certain instructions requested by the defendant and the giving of other instructions over the objection of the defendant by the court, which announced the law to be contrary to that in the requested instructions. The instruction given by the court to which the defendant excepted is as follows:

"You are instructed, gentlemen of the jury, that it is admitted in this case that in the vicinity of and at the place where the animal was alleged to have been killed by the defendant's railway train, livestock, including cattle, had a right to run at large; that the herd law had been suspended and in this connection the court instructs you that the defendant railway company was required to keep a lookout for stock and if they kept the proper lookout and were not able to discover it in time to stop the train, it is not responsible."

The principal objection urged by counsel for the railway company to this instruction is that it instructs the jury that the defendant railway company was required to keep a lookout for stock which might be on the track. Counsel for the railway company cite many decisions of this court holding that no such duty is required of a railway company. All of these cases, however, are based on accidents since statehood, and consequently since the adoption of the herd law, but in none of them does it appear that the herd law had been suspended. The cases are based on the provisions of the herd law, that the owner of stock is required to keep it restrained and is not permitted to allow it to run at large, but if it does and goes upon the property of a railway company, it is a trespasser and the railway company is required only to use ordinary care to avoid injuring it after its peril is discovered.

The rule is well established in cases of this kind occurring on the Indian Territory side of this state before statehood, where no herd law was in force and stock were permitted to run at large, that the operators of a railway train were required to keep a lookout for stock on or so near the track as to be in a place of danger. The rule further provided that if said operators kept a proper lookout and were not able to discover the stock in time to stop their train, the railway company was not responsible.

In view of the fact that it is admitted in the case at bar that the herd law had been suspended, and that stock was permitted to run at large at the place where the accident occurred, we are of the opinion that the rule last above stated is applicable to the instant case, and the court committed no error in giving the instruction complained of and properly refused to give the instructions requested by the defendant.

It is next contended that the evidence is not sufficient to support the verdict of the jury. The evidence in the case in substance is as follows: That the defendant was the owner of a two-year-old steer of the value of $50 on July 3, 1920, and that it was killed by a west-bound passenger train of the defendant company on said date; that a short time before it was killed the animal was at the home of Jim Samples in the town of McKey, Okla.; that Samples drove it off, and that it went in the direction of the railway, and that a short time afterwards Samples went down to the railway and found the steer lying there dead; that in the meantime a west-bound passenger train of the defendant company had passed; that no whistle was blown; that the track along where the steer was killed was straight, but that about 150 yards east of where the accident occurred it made a sharp turn; that the ground where the animal had been standing on the track was torn up.

The defendant produced the engineer of the train in question as a witness, who testified that he did not see the steer on the track at the time in question, and had no knowledge that the train had struck an animal on that morning and that he felt no jar that he recalled.

Upon the authority of St. Louis & S. F. R. Co. v. Huff, 26 Okla. 251, 109 Pac. 232, and cases therein cited, we are of the opinion that, although the evidence was very limited, it was sufficient to submit the case to the jury and sufficient to support the verdict of the jury in favor of the plaintiff.

The judgment of the trial court is therefore affirmed.

JOHNSON, C. J., McNEILL, V. C. J., and NICHOLSON and COCHRAN, JJ., concur.